IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD SHEPARD, #12863-002, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-189-MHT |
| ) | [WO] |
| ROBERT STEELMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Richard Shepard, a federal inmate, on March 23, 2015.[1] Plaintiff names as defendants Robert Steelman, William Hamil, Paul Hayes, Kristen Bentley, Shown Wright, and Vanaessa Wright, who are, or were during the incident, officers employed by the Montgomery Police Department. Plaintiff challenges the validity of a search and seizure which occurred on March 23, 2006, at his residence in Montgomery, Alabama, and resulted in his arrest on drug and firearm offenses. Plaintiff asserts that on May 22, 2014, the State of Alabama "strangely and suspiciously" no billed the state charges stemming from the March 23, 2006, alleged illegal search and seizure. Plaintiff requests damages for the consequences he suffered because of "defendants' illegal search and seizure which subjected him to unlawful restraints of said charges for approximately nine years." He also requests attorney fees and costs. *Doc. No. 1*. Upon review, the court

---

[1] Although the Clerk stamped the present complaint "filed" on March 25, 2015, Plaintiff signed his complaint on March 23, 2015. The law is well settled that a *pro se* inmate's complaint is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993). In light of the foregoing and for purposes of the proceedings herein, the court considers March 23, 2015, as the date of filing.

1

concludes that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

Plaintiff claims that on March 23, 2006, "defendants . . .[,] with guns drawn and without knocking[,] burst into his residence with the willful intention of conducting an illegal search and seizure." After their "explosive intrusion," Defendants falsely arrested and falsely incarcerated Plaintiff for possession of crack and powder cocaine and possession of a handgun.[3] On May 22, 2014, the State of Alabama no-billed the charges.[4] *Doc. No. 1* at 5-6.

A. *Claims Barred by the Statute of Limitations*

Plaintiff's Fourth Amendment challenges are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

---

[2]  A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3]  A false arrest claim accrues at the time of arrest and "provide[s] recovery for injuries suffered between the time of the arrest and the [initiation of the] legal process." *Traylor v. Whiting*, 85 F.3d 581, 585 (11th Cir. 1986), *citing Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (damages for false arrest claim cover the time from arrest/detention until issuance of legal process).  The legal process begins upon any of the following events:  (i) issuance of an arrest warrant, (ii) an initial appearance before the committing court, (iii) the filing of an information, (iv) issuance of an indictment, or (v) arraignment of the party.  *Id.* at 585-586; *Kingsland v. City of Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004); *Love v. Oliver*, 450 F. Supp. 1336, 1342-1343 (N.D. Ga. 2006). When an arrest is made prior to any act which constitutes legal process, the claim challenging the arrest is one of false arrest.  *Traylor*, 85 F.3d at 585.  Assuming, *arguendo*, that the legal process had not begun at the time of Plaintiff's arrest, the court considers this allegation as a false arrest claim based on an alleged lack of probable cause to support the arrest.

[4]  The court takes judicial notice of its own records which reflect that on February 11, 2011, Plaintiff was convicted in this court of possessing with intent to distribute crack cocaine and cocaine powder, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  *See United States v. Shepard*, Criminal No. 2:06-cr-17-WKW (M.D. Ala.).  These federal offenses arose from the same incident challenged in this action. The evidence in Plaintiff's criminal trial proceedings reflects that Defendant Steelman prepared an affidavit in support of a search warrant of the premises where Plaintiff resided. The affidavit was presented to a municipal judge who issued a search warrant for the entire premises. The search warrant was executed on March 23, 2006, by Montgomery Police Department officers and federal agents with the Drug Enforcement Administration ("DEA"). *See* Criminal No. 2:06-cr-17-WKW.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The search and arrest about which Plaintiff complains occurred on March 23, 2006. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar.[5] Thus, the statute of limitations began to run on the claims arising from the challenged search and arrest on March 23, 2006. The limitations period ran uninterrupted until it expired on March 23, 2008. Plaintiff filed the instant complaint on March 23, 2015, seven years after expiration of the limitation period.[6]

The statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may

---

[5] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane... ." *Ala. Code* § 6-2-8(a). The complaint demonstrates that Plaintiff was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[6] Any reliance that Plaintiff may seek to place on the state court's ultimate dismissal/nolle prosse on May 22, 2014, of the state charges against him arising from the March 23, 2006, incident for purposes of avoiding the limitation period fails. The fact that charges are eventually dropped or that there is an acquittal is of no consequence in determining the validity of the arrest itself. *Marx v. Gumbinner*, 905 F.2d 1503, 1507 (11th Cir. 1990). Additionally, the general federal rule is that a statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996). Here, Plaintiff states that the "traumatic events" about which he complains in this action occurred on March 23, 2006; thus, it is clear not only from the complaint but also from the court's own records that Plaintiff has been aware of his claims since that date, more than two years prior to the March 23, 2015, filing date of the complaint. For this reason, Plaintiff's claims are barred by the two-year statute of limitations applicable to claims under § 1983. Further, any argument that under *Heck v. Humphrey*, 512 U.S. 477 (1994), the statute of limitations was tolled until such time as the charges were dismissed by the state court is similarly unavailing. *Heck* does not generally bar claims for illegal search or arrest because such claims would not necessarily imply the invalidity of a subsequent conviction(s). *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Because Plaintiff's claims are not tolled under *Heck*, his claims began to accrue no later than the March 23, 2006, date indicated above.

consider, *sua sponte*, affirmative defenses apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin [v. State of Oregon]*, 563 F.Supp. [1310,] 1330, 1332 [(D.C. Oregon 1983)]." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of the defendant or defendants, the district  court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." Spears [v. McCotter], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed regarding the validity of his arrest pursuant to an allegedly illegal search and seizure as he filed this cause of action over two years after the challenged actions occurred. As previously noted, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to Plaintiff's claims expired seven years prior to his filing the instant complaint.  In light of the foregoing, the court concludes that the illegal search, seizure, and arrest claims are barred by the applicable statute of limitations, and these claims are

4

therefore subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I).  *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred on or before March 23, 2006, be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the applicable statute of limitations;

2. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before September 15, 2015**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d

1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 1st day of September, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE